IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JAIME LOPEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00152-O-BP |
| § | |
| ALLSTATE TEXAS LLOYDS, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's Motion for Summary Judgment (ECF No. 32) with Brief and Appendix in Support (ECF Nos. 33–34), filed March 21, 2018; Plaintiff's Response to Defendant's Motion (ECF No. 39), filed April 11, 2018; and Defendant's Reply in Support of its Motion (ECF No. 40), filed April 20, 2018. After considering the pleadings of the parties, the summary judgment evidence, and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT in part and DENY in part** summary judgment to Defendant, and dismiss Plaintiff's extra-contractual claims.

BACKGROUND

On January 11, 2017, Plaintiff Jaime Lopez ("Lopez") filed his Original Petition in the 342nd Judicial District Court of Tarrant County, Texas. ECF No. 1-3 at 1. On February 17, 2017, Defendant Allstate Fire and Casualty Insurance Company ("Allstate") timely removed the suit to this Court. ECF No. 1. This action concerns Lopez's claim under his Allstate homeowners policy. ECF No. 1-3 at 2.

Lopez purchased an insurance policy ("the Policy") from Allstate to insure his property located at 1906 Park Hill Drive, Arlington, Texas 76012 (the "Property"). *Id.* The Policy was

effective from November 1, 2015 to November 1, 2016 and provided coverage for up to $331,000 in dwelling protection, with an applicable deductible of $3,310, all peril. ECF No. 34-1 at 5–6. On or about July 9, 2016, Lopez claims his Property suffered substantial damage due to a severe storm. ECF No. 1-3 at 3. On July 26, 2016, Allstate's outside adjuster inspected the home and gave an estimate of loss in the amount of $3,694.67. *Id.* After applying the policy's deductible, Allstate issued payment for $384.67—the amount exceeding the deductible amount. *Id.* On July 30, 2016, Lopez hired a public adjuster to inspect the Property. *Id.* Lopez's adjuster recommended a number of additional repairs to the Property, and estimated a total cost of $41,681.34 for these repairs. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there is no genuine issue of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To meet this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Citations to evidence must be specific, and "a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." Local Civil Rules of the Northern District of Texas 56.5(c).

Because Lopez's claims do not invoke a federal question, but instead assert jurisdiction based on diversity of citizenship, the Court applies the law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). The Court "look[s] to decisions of the state's highest court, or in the absence of a final decision by that court on the issue under consideration, the court must determine in [its] best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted).

## ANALYSIS

This action concerns Lopez's claim under the Policy. He asserts that Allstate underpaid him after a storm damaged his Property on July 9, 2016. Lopez sues for breach of contract and also makes three extra-contractual claims: violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and breach of the common-law duty of good faith and fair dealing. Because a dispute of material fact exists as to Lopez's breach of contract claim, the undersigned recommends that summary judgment be denied on this ground. Lopez failed to present a genuine issue of material fact regarding his extra-contractual claims, and the undersigned recommends that those claims be dismissed.

### A. Breach of Contract Claims

"An insured cannot recover under an insurance policy unless facts are pleaded and proved showing that damages are covered by [his] policy." *Employers Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled in part on other grounds by State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996). However, an insured can recover where he suffers damage from both covered and non-covered perils. *Hamilton Properties v. Am. Ins. Co.*, No. 3:12-CV-5046-B, 2014 WL 3055801, at *4 (N.D. Tex. July 7, 2014), *aff'd*, 643 Fed. App'x 437 (5th Cir. 2016) (applying Texas law). Under the doctrine of concurrent causes, the insured is entitled to recover the portion of the damage caused solely by the covered peril. *Hahn v. United Fire & Cas. Co.*, No. 6:15-CV-00218 RP, 2017 WL 1289024, at *8 (W.D. Tex. Apr. 6, 2017) (applying Texas law).

The burden of proof is on the insured to segregate the damages attributable solely to the covered peril. *Wallis v. United Services Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App.—San Antonio 1999, pet. denied). Because the insured bears the burden of proving that a loss is covered under the terms of an insurance policy, the insured must present evidence that will allow the trier of fact

to segregate covered losses from non-covered losses. *Fiess v. State Farm Lloyds*, 392 F.3d 802, 808 (5th Cir. 2004). "When covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Lyons v. Miller Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993). "Failure to provide evidence upon which a jury or court can allocate damages between those that resulted from covered perils and those that did not is fatal to an insured party's claim." *Nat'l Union Fire Ins. v. Puget Plastics Corp.*, 735 F. Supp. 2d 650, 669 (S.D. Tex. 2010) (applying Texas law); *see also Wallis*, 2 S.W.3d at 303 ("[A]n insured's failure to carry the burden of proof on allocation could not be immaterial because it is central to the claim for coverage"). "The insured is not required to establish the amount of its damages with mathematical precision, but there must be some reasonable basis upon which the [trier of fact's] finding rests." *Puget Plastics Corp.*, 649 F. Supp. 2d at 650.

Allstate argues that Lopez has not proven that any damage to the Property beyond that estimated by its adjusters resulted from the storm on July 9, 2016, and only a covered peril that *caused* property damage allows recovery under the Policy. ECF No. 34-1 at 23–41. While the burden is not on Allstate to prove absence of such evidence, Allstate points out that Lopez's retained expert, Mr. Lupfer, was unable to verify key facts in his deposition. He could not confirm the date of the storm at issue, testified that he did not investigate what other storms occurred at the property before July 9, 2016, and did nothing to apportion damages between the storm of July 9, 2016 and other storms or events. ECF No. 33 at 12–13. Mr. Lupfer testified that he could not confirm the damages to the home were caused solely by the July 9, 2016 storm. ECF No. 34-4 at 6; *see Hamilton Properties*, 2014 WL 3055801, at *6 (granting summary judgment because the expert and lay witnesses were unable to "establish the July Hailstorm as the sole cause or distinguish the damage it caused from other non-covered perils").

Further, Allstate argues that Lopez's claims should be dismissed because there is evidence of repairs to the interior of the Property that occurred prior to the storm for which Lopez seeks to recover in this case. In support of its position, Allstate provides an invoice from Dallas Billiard Pro for repair of Lopez's pool table, which is dated May 17, 2016. ECF No. 34-2 at 20. The undersigned notes that while a May 17, 2016 repair could be covered under the Policy if the pool table were damaged due to a covered peril, these repairs predate the July 9, 2016, storm at issue. Thus, whether the July 9, 2016 storm actually did cause the damage to the Property for which Lopez seeks to recover—and to what extent—remains unclear. *Hamilton*, 2014 WL 30555801, at *5.

In his response, Lopez argues that his public adjuster, Mr. McClenny; his retained expert, Mr. Lupfer; and his own testimony demonstrate a genuine issue of material fact regarding the covered loss. ECF No. 39-1 at 7. Mr. McClenny testified that the skylight framing did not have prior water damage because it was "fresh [and] it's not black [or] moldy." ECF No. 39-6 at 9. Mr. Lupfer testified that the repairs to the skylight were made "probably less than a year ago." ECF No. 39-4 at 4. Lopez himself could not recall the date of the storm, but testified that there were no leaks or water stains in his home prior to the storm at issue in this case, and that the repairs to the garage ceiling were made after the storm. ECF No. 34-2 at 8, 10. Although Lopez's statements are considered lay testimony, the Texas Supreme Court has previously held that lay testimony is sufficient to support a finding on the causal relationship between a storm and property damage in insurance coverage cases. *See Lyons*, 866 S.W.2d at 601 (citing *United States Fidelity and Guar. Co. v. Morgan*, 399 S.W.2d 537, 540 (Tex. 1966)) ("[T]estimony of [the plaintiff] and her neighbors that there was no preexisting damage . . . constituted some evidence of the extent of damage attributable solely to the windstorm"). "Generally, lay testimony establishing a sequence

of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984); s*ee also Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 885 (5th Cir. 2004) ("[I]n determining whether lay testimony is sufficient to prove causation, Texas courts look at the nature of the lay testimony and the nature of the injury.").

Lopez argues further that Allstate's estimate failed to include all necessary items that he is entitled to under the Policy to place the Property in pre-loss condition. ECF No. 1-3 at 5. Specifically, Plaintiff argues that his public adjuster estimated costs of replacement of the grill, recovering/refinishing the pool table, and removal/replacement of drywall and insulation with associated pack-in, pack-out costs for the contents of the living room and garage. *Id.* Lopez contends that the interior water damage caused by the July 9, 2016 storm is covered under the Policy, and thus Allstate was required to pay for the damages. ECF No. 1-3.

Although Lopez is not required to present overwhelming evidence that would allow a jury to flawlessly segregate damages, he must present sufficient evidence that the cause of the damages to the Property was a covered peril. *See Jackson v. Allstate*, No. 6:15-cv-00218-RP, 2017 WL 1289024, at *8 (W.D. Tex. Apr. 6, 2017) (insured presented sufficient evidence that all leaks had been repaired before the storm, and after the storm at issue the building began experiencing leaks); *Hahn*, 2017 WL 1289024, at *8 (competing evidence that supported the fact that the insured's property was in "well maintained condition" before the storm at issue was enough to raise a genuine issue of material fact regarding the insured's policy coverage). The undersigned finds that Lopez has provided sufficient evidence to raise a genuine issue of material fact regarding whether his claim should be covered. Specifically, Lopez testified that he repaired the garage and interior of his home after the storm, and that his home never had leaks prior to the storm. ECF No. 39-3 at

4 and 6. This evidence supports his claim that his roof was in good condition prior to the storm at issue. *Id.* at 5. In viewing the evidence in the light most favorable to the non-movant and based on the competing evidence offered by Lopez, summary judgment should be denied on his breach of contract claim. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) ("Courts should not make credibility determinations or weigh the evidence.").

### B.  Extra-Contractual Claims

Earlier this year, the Texas Supreme Court discussed in detail the relationship between contract claims under an insurance policy and tort claims under the Insurance Code, and summarized the applicable legal standards as follows:

> … [W]e distill from our decisions five distinct but interrelated rules that govern the relationship between contractual and extra-contractual claims in the insurance context. First, as a general rule, an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits. Second, an insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits. Third, even if the insured cannot establish a present contractual right to policy benefits, the insured can recover benefits as actual damages under the Insurance Code if the insurer's statutory violation caused the insured to lose that contractual right. Fourth, if an insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured may recover damages for that injury even if the policy does not grant the insured a right to benefits. And fifth, an insured cannot recover *any* damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits.

*USAA Texas Lloyds Co. v. Menchaca*, 14-0721, 2018 WL 1866041, at *3 (Tex. Apr. 13, 2018). The Fifth Circuit recently noted the Texas Supreme Court's decision in *Menchaca*, holding that "*Menchaca* repudiated the independent-injury rule, clarifying instead that an insured who establishes a right to receive benefits under an insurance policy can recover those benefits as 'actual damages' under the statute if the insurer's statutory violation causes the loss of benefits." *Aldous v. Darwin v. Nat'l Assurance Co.*, __F.3d.__, 2018 WL 2186474 (5th Cir. 2018).

Lopez asserts extra-contractual claims for alleged violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and breach of the common-law duty of good faith and fair dealing. However, the lack of summary judgment evidence offered by Lopez does not support these claims or present an issue of fact for trial. Lopez's supporting evidence suggests only a factual dispute over covered damage under the Policy, not that Allstate engaged in false, deceptive, or unfair practices. A "bona fide dispute" regarding insurance coverage precludes liability for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code and DTPA. *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("Texas courts have clearly ruled that these [DTPA and Insurance Code] extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas.").

The summary judgment evidence shows that Allstate investigated Lopez's claim within a reasonable time. Lopez filed his claim on July 19, 2016, and Allstate assigned an adjuster to estimate the damage to the Property on July 26, 2016. ECF No. 1-3 at 4. Allstate's adjuster concluded that the roof required replacement of several shingles, and the gutter/downspout, window screen, grill cover, and patio heater needed to be replaced. ECF No. 33 at 6. The adjuster also noted that there were repaired damages to the garage ceilings and walls and concluded that the damage to the game room ceiling was not due to a storm-created opening. *Id.* Based on the inspection, Allstate issued payment of $384.67 after applying Lopez's deductible. *Id.* Lopez then retained a public adjuster, who requested a second inspection of the Property, which Allstate performed on September 2, 2016. *Id.* Allstate's second adjuster reached the same conclusion as the first adjuster and found that the interior damage to the game room and garage predated the July 9, 2016 storm. *Id.* Allstate responded to Lopez's claim within a reasonable time, issued payment following the initial inspection, and conducted a second inspection at Lopez's request.

Taken in the light most favorable to Lopez, the summary judgment evidence does not establish that Allstate did not have a reasonable basis for delaying or denying payment. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54–55 (Tex. 1997) (Insured must establish that insurer failed to settle the claim even though it "knew or should have known that it was reasonably clear that the claim was covered."). Any further disagreement between the parties is a bona fide dispute as to the proper amount of damages to the Property covered by the Policy. *Mag–Dolphus, Inc. v. Ohio Cas. Ins. Co.,* 906 F. Supp. 2d 642, 649 (S.D. Tex. 2012) (holding there was no extreme act where defendant had promptly paid plaintiffs even though plaintiffs alleged that defendant had undervalued their loss). The summary judgment evidence does not establish a genuine issue of material fact that this case constitutes more than a bona fide coverage dispute. *Alhamzawi v. Geico Casualty Co.*, 216 F.Supp.3d 764, 768–769 (N.D. Tex. 2016). Thus, summary judgment should be granted on Lopez's breach of the common-law duty of good faith and fair dealing claims.

Further, "[u]nder Texas law, an insurer who can prove that it possessed a reasonable basis for denying or delaying payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, enjoys immunity from statutory bad faith under the Texas Deceptive Trade Practices Act and the Texas Insurance Code." *Saunders v. Commonwealth Lloyd's Ins. Co.*, 928 S.W.2d 322, 324 (Tex. App.—San Antonio 1996, no writ); *Tucker v. State Farm Fire & Cas. Co.*, 981 F. Supp. 461, 465 (S.D. Tex. 1997) ("Plaintiffs' extra-contractual claims live or die depending on whether Plaintiff's bad-faith claim has any viability."). Because the undersigned finds that Lopez's common law bad faith claim fails to raise a genuine issue of material fact, summary judgment should be granted on Lopez's statutory bad faith claims under the Texas Insurance Code and DTPA.

## CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT in part and DENY in part** summary judgment to Defendant. Specifically, he should deny Defendant's Motion as to Plaintiff's breach of contract claims and grant the Motion as to Plaintiff's extra-contractual claims.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed May 23, 2018.

*(signature)*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE